IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCREZIA ROCHON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-00029-N |
| | § | |
| HYATT HOTELS CORPORATION, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Hyatt Hotels Corporation ("Hyatt") and AMResorts, L.P.'s ("AMR") motion to dismiss for lack of personal jurisdiction and forum non conveniens [9], motion for extension of time to answer [5], and motion for extension of time to file a reply [22]. As an initial matter, the Court grants the motions for extension of time to answer and to file a reply — Rochon nominally opposed these motions but declined to file a response to either. Then, because the Court concludes that forum non conveniens doctrine applies and warrants dismissal of this case, the Court grants the motion to dismiss.

### I. ORIGINS OF THE DISPUTE

This is a premises liability case. On August 15, 2024, Plaintiff Lucrezia Rochon was staying at the Zoetry Marigot Bay Saint Lucia resort, allegedly owned and operated by Defendants. Pl.'s Second Am. Compl. ¶ 7 [6]. Her room had an attached outside patio with table and chairs provided. *Id.* ¶ 12. The patio lacked a railing, and the floor surface

MEMORANDUM OPINION AND ORDER – PAGE 1

was uneven. *Id.* ¶ 13. There was "a large dip between the ground and patio that was concealed by leaves, small bushes and flowers." *Id.* While Rochon was sitting in the chair on the patio, the uneven flooring caused her chair to fall over. *Id.* ¶ 14. She then continued rolling off the patio due to the lack of guardrail. *Id.* ¶ 15. As a result, Rochon dislocated her left shoulder and experienced extreme pain. *Id.* ¶¶ 17, 21. She now requires twice weekly physical therapy for that arm. *Id.* ¶ 23.

Following the incident, Rochon filed this lawsuit, asserting claims of premises liability and negligence against both Hyatt and AMR. *Id.* ¶¶ 25–35. Both Defendants move to dismiss all claims, arguing this court lacks personal jurisdiction over them and that the common law doctrine of forum non conveniens applies, warranting dismissal of the case in favor of a Saint Lucia forum. Defs.' Mot. 1–2 [9].

## II. Forum Non Conveniens Legal Standard

Federal courts have "discretion to dismiss . . . actions, in certain narrow circumstances, under the common-law doctrine of forum non conveniens." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). Such a dismissal "reflects a court's assessment of a 'range of considerations, most notably the convenience of the parties and the practical difficulties that can attend adjudication of a dispute in a certain locality.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (quoting *Quackenbush*, 517 U.S. at 723). The federal law of forum non conveniens applies in federal court, even in a diversity case. *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1159 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom. Pan Am.*

*World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *reinstated except as to damages*, 883 F.2d 17 (5th Cir. 1989) (en banc) (per curiam).

At the first stage of the forum non conveniens analysis, a court must determine the availability and adequacy of an alternative forum. *Dtex, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007) (per curiam) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). Next, the court determines which forum is preferrable by weighing a number of "private" and "public" interest factors. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947). "The court must bear in mind that 'the ultimate inquiry is where trial will best serve the convenience of the parties and the interests of justice.'" *Dtex*, 508 F.3d at 794 (quoting *In re Air Crash Disaster*, 821 F.2d at 1162). Defendants bear the burden of proof on each element of the forum non conveniens analysis. *Id.*

### III. THE COURT GRANTS DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss, arguing that Saint Lucia is an adequate alternative forum and that the public and private interest factors favor dismissal. Defs.' Mot. 11. Upon reviewing the record, the Court concludes that the doctrine of forum non conveniens applies and warrants dismissal of this action in favor of reinstitution in an appropriate court of Saint Lucia.

#### A. Saint Lucia Provides an Available and Adequate Alternative Forum

Defendants offer Saint Lucia as an available, adequate forum for this case. Defs.' Mot. 11. Rochon argues that Defendants have not met their burden of proof on this issue. Pl.'s Resp. 16 [15]. Based on a review of the record, the Court agrees with Defendants that

Saint Lucia offers a sufficiently available and adequate forum for resolving this controversy.

"A foreign forum is available when the entire case and all the parties can come within that forum's jurisdiction." *Dtex*, 508 F.3d at 796. And a "foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993) (quoting *In re Air Crash Disaster*, 821 F.2d at 1165).

Here, Defendants bring evidence in the form of expert testimony about the availability and adequacy of the High Court of Justice of Saint Lucia. *See* Defs.' Appx. Ex. 4 ¶ 44 [9-2]. Rochon argues that Defendants have failed to carry their burden on this point because they (1) "have not shown that slip and fall negligence claims are permissible" in Saint Lucia, (2) "simply say Plaintiff can be granted damages but do[] not specifically prove that damages are available for Plaintiffs [sic] claims," and (3) "have not provided proof that Saint Lucia can litigate claims where no Saint Lucian based defendants are a party." Pl.'s Resp. 16–17. Rochon brings no evidence in support of these arguments. Thus, upon review of Defendants' unrebutted evidence, the Court concludes that Saint Lucia is an adequate forum for this dispute.

On the issue of whether this particular type of negligence claim may be pursued under Saint Lucian law, Defendants' expert, Christoper Alexander Bota McNamara, opines that Saint Lucian law permits a negligence suit "against the owner, occupier and operator of property and their employees, whose alleged negligence or breach of duty of care

allegedly resulted in injuries or damage to the Plaintiff as a result of allegedly unsafe condition of premises in which the Plaintiff was allegedly injured." Defs.' Appx. Ex. 4 ¶ 35. Rochon does not offer any controverting expert testimony. And a negligence claim based on unsafe premises is exactly what a slip-and-fall case contemplates. Thus, the unrebutted evidence establishes the availability of Rochon's claim in this case.

Next, as to damages, McNamara states that, under article 985 of the Civil Code of Saint Lucia, every "person capable of discerning right from wrong is responsible for damage caused either by his or her act, imprudence, neglect or want of skill, and he or she is not relievable from obligations thus arising." *Id.* ¶ 39. And he further opines that the "damages that are recoverable by a civil litigant in the St. Lucian judicial system include pecuniary losses . . . such as the cost of medical expenses and the loss of salary both before and after the trial. These recoverable damages also include non-pecuniary losses, and the Court has regard for pain and suffering . . . ." *Id.* ¶ 21. He also states there "is no statutory or other regulation imposing limits to compensatory awards of damages" other than the jurisdictional limits of certain inferior courts. *Id.* ¶ 27. Accordingly, damages are an available remedy for a tort suit like this one.

And as to whether a Saint Lucian forum can entertain a case with a non-Saint Lucian defendant, McNamara opines that jurisdiction exists when a defendant "volunteer[s] to accept service and subject themselves to the jurisdiction of the Saint Lucian Court" regardless of residence. *Id.* ¶ 26. And here, both Hyatt and AMR explicitly state they will consent to the jurisdiction of the appropriate courts of Saint Lucia and will agree to waive any statute of limitations defenses regarding reinstitution of this lawsuit in the appropriate

courts of Saint Lucia. *See* Defs.' Appx. Ex. 3 ¶ 25 [9-1] (AMR); Ex. 2 ¶ 25 [9-1] (Hyatt, mistakenly referring to Mexico instead of Saint Lucia as to jurisdictional consent); Ex. 4 ¶¶ 41–42 (McNamara, stating that both defendants will consent to jurisdiction in Saint Lucia and waive statute of limitations defenses). Accordingly, there is no domicile issue with the courts of Saint Lucia hearing this case.

Thus, because Rochon's tort claim and a damages remedy are available under Saint Lucia law, and because the appropriate courts of Saint Lucia will have jurisdiction over the Defendants based on their consent, the Court concludes that Saint Lucia provides an adequate and available alternative forum for this dispute.

### B. The Private Interest Factors Favor Dismissal

Having found that Saint Lucia provides an available and adequate forum, the Court must now weigh the relevant private interest factors, which include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) the possibility of view of the premises, if view would be appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir 2008) (en banc); *Dtex*, 508 F.3d at 794.

Here, these private interest factors strongly favor dismissal. First, many sources of proof will be more easily accessed in Saint Lucia than in Texas. Rochon's claims stem from issues with the hotel premises physically located in Saint Lucia. Rochon was immediately seen by an on-site nurse and later a doctor at a hospital in Saint Lucia. Defs.' Appx. Ex. 1 ¶ 16 [9-1]. Any hotel-employee witnesses and these two medical witnesses

are all located in Saint Lucia. *Id.* ¶ 17. Further, Defendants present evidence that the hotel records, communications, and other documents related to this incident are located in Saint Lucia. *See id.* Rochon argues that many documents may be available digitally, *see* Pl.'s Resp. 17, but provides no evidence on that front. Rochon also argues that she, her husband (who witnessed the fall), and her post-accident health records, are all located in Texas. *Id.* at 18. However, based on the evidence in the record, the Court concludes that much of the relevant proof related to her claims is located in Saint Lucia, making this factor weigh in favor of dismissal.

As for compulsory process, Defendants argue, and Rochon does not dispute, that this Court would lack the ability to compel the testimony of any of the potential Saint Lucian witnesses. *See* Defs.' Mot. 17; Pl.'s Resp. 18. This also strongly militates in favor of dismissal, as Defendants have established that multiple potential fact witnesses are located in Saint Lucia. *See* Defs.' Appx. Ex. 1 ¶ 17 (listing resort management, maintenance, security, and medical witnesses as being located in Saint Lucia); *see also Dtex*, 508 F.3d at 799 ("[T]o fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition is to create a condition not satisfactory to litigants." (alteration in original) (quoting *Perez & Compania (Cataluna), S.A. v. M/V Mex. I*, 826 F.2d 1449, 1453 (5th Cir. 1987))). Rochon argues that many of these witnesses are employees of the Defendants and therefore would not need compulsory process. Pl.'s Resp. 19. However, the record does not support this conclusion. The only evidence in the record shows that the raft of potential hotel-employee witnesses are employees of nonparty entities. *See* Defs.' Appx. Ex. 1 ¶ 14 ("At the time of the incident

and currently, all of the employees at the Resort were employed by Marigot Holdings and were supervised by AMR Panama."); Ex. 2 ¶¶ 13, 18 (stating Hyatt has no ownership interest in Marigot Holdings or AMR Panama and does not employ or supervise any personnel at the subject resort); Ex. 3 ¶¶ 14, 19 (same for AMR). Accordingly, this factor favors dismissal.

Next, the cost of attendance factor also favors dismissal. For any Saint Lucian witnesses, costs would be lower in a Saint Lucian forum. And Defendants' evidence identifies at least three specific Saint Lucian witnesses — the nurse and doctor who treated Rochon after the incident as well as a specific resort employee — who would have to bear costs of traveling to a Texas forum. *See* Defs.' Appx. Ex. 1 ¶ 17; Defs.' Mot. 17. Rochon presents countervailing evidence that she and her husband would incur significant costs by having to litigate this case in a Saint Lucian forum. *See* Pl.'s Appx. Ex. C ¶ 20. But on balance, when viewing that two witnesses would incur costs traveling to Saint Lucia and at least three witnesses would incur costs traveling to Texas, this factor favors dismissal.

Next, both parties agree that a view of the premises would be appropriate in this premises liability case. Defs.' Mot. 18; Pl.'s Resp. 19. Rochon argues that physically viewing the property is not necessary, because expert testimony and high-definition photographs will be sufficient. Pl.'s Resp. 19. Thus, this factor is either neutral, if photographic view is sufficient, or favors dismissal.

Finally, Defendants argue that they would be "unable to implead several third parties, including any construction or maintenance companies responsible for maintaining the outside patios at the subject resort, as these third parties are Saint Lucian entities, which

lack contacts with Texas." Defs.' Mot. 18. However, Defendants provide no certainty, only speculation, as to the necessity of impleader. Thus, while this practical problem would point in favor of dismissal, it is of little weight here where there is no specific expectation this problem will arise. *See Dtex*, 508 F.3d at 800–01 ("This factor weighs only slightly toward dismissal, given the uncertainty that any impleader will be necessary.").

### C. The Public Interest Factors Favor Dismissal

The Court must next consider the public interest factors, including (1) administrative difficulties from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the governing law; and (4) avoidance of unnecessary conflicts of law. *In re Volkswagen*, 545 F.3d at 315.

Here, these public interest factors also generally favor dismissal. First, neither party submits evidence regarding the relative congestion of the courts here in Texas versus in Saint Lucia. Accordingly, this first factor is neutral. Next, Saint Lucia likely has a significant interest in having this controversy decided there. The relevant premises is located in Saint Lucia. Any alleged negligence involves conduct that took place at that premises. And Saint Lucia has a stronger interest in regulating the Saint Lucian tourism and hospitality industries than Texas does. *Cf. Doe #1 v. Marriott Int'l, Inc.*, 2023 WL 4683043, at *8 (S.D. Miss. 2023) (finding The Bahamas has a strong local interest in regulating the conduct of a Bahamian resort). And the facts of this case have little to do with Texas. Thus, Saint Lucia generally has a stronger interest in deciding this action than Texas does.

Next, Saint Lucia law is likely to govern this action. In a diversity case, a federal court applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Texas follows the "most significant relationship" test set out in the Restatement (Second) of Conflict of Laws sections 6 and 145. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000). Some of the relevant contacts to consider in a tort case include:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

*Id.* (alteration omitted) (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971)). The analysis "should not turn on the number of contacts, but more importantly on the qualitative nature of those contacts." *Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex. 1979).

Considering these factors, the Court concludes that Saint Lucia has the most significant relationship to this case. The injury here occurred in Saint Lucia, as did the relevant conduct regarding maintenance or construction of the premises. *See* Pl.'s Second Am. Compl. ¶ 28 (alleging breach of duty based on failure to inspect for dangerous conditions, address the hazardous conditions on the patio, and warn plaintiff of danger). Rochon is domiciled in Texas, and Defendants are domiciled in both Delaware and Illinois. *See* Am. Notice of Removal ¶¶ 8–11 [25]. And Rochon asserts she booked the hotel room

while in Texas. Pl.'s Appx. Ex. C ¶ 13. But other than Rochon booking the room and being domiciled in Texas, there are no other relevant contacts with Texas. And the Court cannot say the parties' relationship is "centered" in Texas based only on that one act of booking. Here, the Court concludes that the "qualitative nature" of the Saint Lucian contacts outweighs the effect of any Texas contacts. Accordingly, it is likely that Saint Lucia law applies. Thus, the factors relating to court familiarity with the law and avoidance of any conflict of laws issues both counsel in favor of dismissal.

Having considered both the private and public interest factors, the Court finds that they weigh strongly in favor of dismissal of this action in favor of a Saint Lucian forum. Accordingly, the Court grants Defendants' motion to dismiss on that basis.[1] This dismissal is on the condition that Defendants consent to accept service of process, submit to the jurisdiction of the courts of Saint Lucia, and continue to waive defenses based on the statute of limitations, as they have agreed to do.[2] *See Bailey v. Dolphin Int'l, Inc.*, 697 F.2d 1268, 1280 (5th Cir. 1983) ("We suggest that the district court give consideration to conditioning the dismissal on the following: that appellees submit to service of process and jurisdiction in the appropriate court [and] formally waive . . . any statute of limitations defense."), *overruled on other grounds by In re Air Crash Disaster*, 821 F.2d at 1163 & n.25.

---

[1] Having found forum non conveniens warrants dismissal, the Court does not reach Defendants' arguments about personal jurisdiction.

[2] Despite not evaluating personal jurisdiction, the Court has authority to condition its dismissal because it has subject matter jurisdiction over this case. *Flowserve U.S. Inc. v. ITT Corp.*, 68 F. Supp. 3d 646, 663 n.15 (N.D. Tex. 2014); *see also Sinochem Int'l*, 549 U.S. at 435 (declining to address the question of whether a court must first confirm its own jurisdiction before conditioning a forum non conveniens dismissal).

MEMORANDUM OPINION AND ORDER – PAGE 11

## CONCLUSION

Because Saint Lucia is an adequate, alternative forum and because the public and private interest factors favor dismissal here, the Court grants Defendants' motion to dismiss for forum non conveniens and conditionally dismisses Rochon's claims without prejudice. This dismissal is conditioned on Defendants (1) accepting service of process and consenting to the jurisdiction of the courts of Saint Lucia for any action based on these facts Rochon commences in Saint Lucia within ninety (90) days of the date of this Order, and (2) formally waiving any statute of limitations defenses. This dismissal may be made final upon a motion by Defendants affirming that either (1) Rochon has not filed suit in Saint Lucia within ninety (90) days of the date of this Order, or (2) Rochon has timely filed suit, Defendants have complied with the above conditions of this Order, and the Saint Lucia court has not finally declined jurisdiction. Rochon may then respond and resist this motion only on grounds that Defendants did not comply with the above conditions. *See Bailey*, 697 F.2d at 1280.

Signed July 29, 2025.

David C. Godbey
Chief United States District Judge